J-S19001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW BALDWIN, | |
| Appellant | No. 319 EDA 2015 |

Appeal from the Judgment of Sentence Entered January 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010832-2013

BEFORE:  BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:              **FILED MARCH 23, 2016**

Appellant, Matthew Baldwin, appeals from the judgment of sentence of 50 years' to life imprisonment, imposed after he was convicted of first-degree murder (18 Pa.C.S. § 2502(a)), carrying a firearm without a license (18 Pa.C.S. § 6106), carrying a firearm on a public street in Philadelphia (18 Pa.C.S. § 6108), and possessing an instrument of crime (PIC) (18 Pa.C.S. § 907).  Appellant seeks to raise several claims, including a challenge to the sufficiency of the evidence to sustain his convictions.  Additionally, Appellant's counsel, James E. Lee, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Following a jury trial in November of 2014, Appellant was convicted of the above-stated offenses based on the shooting death of Kharee Tillmon. Appellant was 17 years old at the time he shot and killed Tillmon. On January 23, 2015, the court sentenced Appellant to a term of 50 years' to life imprisonment for his first-degree murder conviction;[1] 2 to 7 years' incarceration for carrying a firearm without a license; 9 months' to 5 years' incarceration for carrying a firearm in public in Philadelphia; and 1 month to 5 years' incarceration for PIC. The court imposed Appellant's sentences to run concurrently, resulting in an aggregate term of 50 years' to life imprisonment. Appellant did not file post-sentence motions. He filed a timely notice of appeal on January 28, 2015.

During Appellant's trial, sentencing, and the filing of his notice of appeal, Appellant was represented by Brian J. McMonagle, Esq. On February 11, 2015, Attorney McMonagle filed with this Court a "Motion to Withdraw as Counsel or to Remand to Trial Court for Appointment of Counsel on Appeal." On March 6, 2015, this Court issued a *per curiam* order granting Attorney McMonagle's motion and remanding Appellant's case to the trial court for a

---

[1] Appellant's first-degree murder sentence was imposed pursuant to 18 Pa.C.S. § 1102.1(a)(1) ("A person who has been convicted after June 24, 2012, of a murder of the first degree, … and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows: (1) A person who at the time of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be 35 years to life.").

- 2 -

determination as to whether Appellant was entitled to court-appointed representation on appeal. On remand, the trial court determined that Appellant was not entitled to court-appointed counsel. Appellant, however, retained private counsel, Attorney Lee.

On June 14, 2015, Attorney Lee timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement, presenting the following four claims:

> [(1)] The verdict goes against the weight of the evidence for all crimes.
>
> [(2)] The evidence was insufficient to sustain a conviction for all crimes.
>
> [(3)] Counsel for [Appellant] was ineffective. (Pre-trial, trial phase and post-trial)
>
> [(4)] [Appellant's] sentence should be modified as to the sentencing guideline ranges as to the Murder conviction. This sentence was based on speculative testimony not addressed by the jury in its verdict, and resulted in an excessive guide line [*sic*] range which the [c]ourt detrimentally relied upon.

Pa.R.A.P. 1925(b) Statement, 6/14/15. On July 2, 2015, the trial court issued a Rule 1925(a) opinion addressing these four claims.

On October 29, 2015, Attorney Lee filed with this Court a petition to withdraw from representing Appellant. He also filed an **Anders** brief, asserting that Appellant's issues are frivolous, and that there are no other non-frivolous issues Appellant could raise on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under
> **Anders**, counsel must file a brief that meets the requirements
> established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts,
>> with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes
>> arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is
>> frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal
>> is frivolous. Counsel should articulate the relevant facts of
>> record, controlling case law, and/or statutes on point that
>> have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of
> the **Anders** brief to his client. Attending the brief must be a
> letter that advises the client of his right to: "(1) retain new
> counsel to pursue the appeal; (2) proceed pro se on appeal; or
> (3) raise any points that the appellant deems worthy of the
> court[']s attention in addition to the points raised by counsel in
> the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349,
> 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40
> (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

**Anders** and **Santiago**, this Court must then "conduct an independent

review of the record to discern if there are any additional, non-frivolous

issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d

1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Lee's **Anders** brief substantially complies with

the above-stated requirements. Namely, he includes a summary of the

relevant factual and procedural history, he refers to portions of the record

- 4 -

that could arguably support this appeal, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority.[2] Attorney Lee also has supplied Appellant with a copy of his *Anders* brief, and he sent a letter to Appellant informing him of the rights enumerated in *Nischan*.[3] Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous claims he could pursue on appeal.

---

[2] We note, however, that Attorney Lee does not discuss the weight-of-the-evidence issue that was presented in Appellant's Rule 1925(b) statement. Presumably, Attorney Lee omitted this issue because Attorney McMonagle waived it by not raising it before the trial court. *See* Pa.R.Crim.P. 607(A) (directing that claim that verdict was against weight of evidence must be raised before the trial court orally or in a written motion prior to sentencing, or in a post-sentence motion); *Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight of evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion). While Attorney Lee should have mentioned in his *Anders* brief that Appellant's weight-of-the-evidence claim was waived, his failure to do so is not so egregious as to warrant our denial of his petition to withdraw.

[3] Attorney Lee initially failed to send a letter to Appellant informing him of his right to retain another attorney, or to proceed *pro se* on appeal. Accordingly, on November 25, 2015, this Court issued a *per curiam* order directing Attorney Lee to send Appellant such a letter. On December 4, 2015, Attorney Lee complied with our order and filed a copy of the letter he sent to Appellant addressing the rights set forth in *Nischan*.

Appellant's first issue challenges the sufficiency of the evidence to sustain his convictions.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

Preliminarily, the trial court concluded that Appellant's sufficiency issue was waived based on the boilerplate assertion of this claim in his Rule 1925(b) statement. **See** Trial Court Opinion (TCO), 7/2/15, at 3. Appellant was convicted of four offenses, each of which contains various elements, yet he failed to specify what offense(s) or element(s) the Commonwealth failed to prove. Consequently, the trial court "was given no clue as to what claims [Appellant] intends to raise on appeal regarding any of the charges of which he was convicted." **Id.** at 3. We agree with the court that, under these circumstances, Appellant has waived his sufficiency-of-the-evidence issue for our review.[4] **See Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super.

---

[4] We are aware that this Court has elected to assess the merits of otherwise waived issues where counsel is seeking to withdraw on appeal. **See Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that **Anders** requires review of issues otherwise waived on

*(Footnote Continued Next Page)*

2009) (reiterating "that when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the

_____

appeal); **Commonwealth v. Baney**, 860 A .2d 127, 130 (Pa. Super. 2004) (same). However, **Hernandez** and **Baney** (which relies on **Hernandez**) both pre-date our Supreme Court's 2007 amendment of Rule 1925, which added section (c)(4). That provision states:

> (4) In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement. If, upon review of the **Anders/McClendon** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

Under Rule 1925(c)(4), counsel now has the option of submitting a statement of intent to file an **Anders** brief *rather* than a Rule 1925(b) statement raising specific issues. If, however, counsel chooses to file a Rule 1925(b) statement, we do not overlook the firmly established waiver principles in assessing what issues are preserved, simply because counsel later elects to file an **Anders** brief with this Court. **See Commonwealth v. Garang**, 9 A.3d 237, 244 (Pa. Super. 2010) (finding a sufficiency of the evidence claim waived where it was not raised in the Rule 1925(b) statement, even though the attorney who filed that inadequate Rule 1925(b) statement was seeking to withdraw under **Anders**). Only where **Anders** counsel fails to file *any* court-ordered statement under Rule 1925, thus constituting *per se* ineffectiveness, is the appropriate remedy to deny counsel's petition to withdraw and remand for counsel to file either a Rule 1925(b) or 1925(c)(4) statement. **See Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008) (holding that "absent the proper filing of *any* [Rule 1925] statement of record by [**Anders**] counsel, this Court cannot properly consider counsel's request to withdraw") (emphasis added).

issue for appeal") (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citations omitted)).

In any event, even if this claim had been properly preserved, we would conclude that Appellant's challenge to the sufficiency of the evidence is frivolous. "To obtain a first-degree murder conviction, the Commonwealth must demonstrate that a human being was unlawfully killed, the defendant perpetrated the killing, and the defendant acted with malice and a specific intent to kill." *Commonwealth v. Sherwood*, 982 A.2d 483, 491-92 (Pa. 2009). "[T]he Commonwealth can prove the specific intent to kill through circumstantial evidence. The use of a deadly weapon on a vital part of the victim's body may constitute circumstantial evidence of a specific intent to kill." *Commonwealth v. Drumheller*, 808 A.2d 893, 908 (Pa. 2002) (internal citations and quotation marks omitted).

Here, the court summarized the evidence presented at Appellant's trial as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Detective Greg Singleton, Philadelphia Police Officers Gregory Yatcilla and David Marcellino, Delaware Chief Medical Examiner Dr. Gary Collins, Denzel Nelson, Cierra Sport, Roosevelt Moore, and Mikequetta Butler. [Appellant] did not present any testimony. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.
>
> On September 10, 2012[,] at approximately 5:45 p.m., Kharee Tillmon was with some friends at the Cecil B. Moore Recreation Center located at 22nd Street and Huntingdon Street. [Appellant] entered the playground and began talking with Tillmon and friends. Eventually, [Appellant] began arguing with Tillmon about $10 that Tillmon owed [Appellant]. [Appellant]

stated, "Man, you've been owing me my bread for the longest. Give me my bread." When Tillmon stated he did not have [Appellant's] money, [Appellant] drew a .22 caliber revolver, pointed it at Tillmon, and shot him once in the chest. [Appellant] then kicked Tillmon once in the head, after Tillmon had fallen to the ground, and [Appellant] left the scene.

Tillmon suffered a single gunshot wound to the chest, which penetrated his heart and both of his lungs. Doctors pronounced Tillmon dead at approximately 6:11 p.m.

TCO at 1-2 (citations to the record and footnote omitted). This evidence was sufficient to permit the jury to conclude that Tillmon was unlawfully killed, that Appellant was the perpetrator of that killing, and that Appellant acted with malice and a specific intent to kill. Accordingly, we would deem the evidence sufficient to support Appellant's first-degree murder conviction.

Likewise, the evidence also demonstrated that Appellant committed the offenses of carrying a firearm without a license, and carrying a firearm in public in Philadelphia. Those crimes are defined, respectively, as follows:

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

> (2) such person is exempt from licensing under section
> 6106(b) of this title (relating to firearms not to be carried
> without a license).

18 Pa.C.S. § 6108.

Here, based on the above-stated evidence, it is clear that Appellant possessed a gun in a public location in Philadelphia. Additionally, Denzel Nelson told police that as Appellant and Tillmon argued, Appellant "*pulled the gun out* and just shot [Tillmon,]" indicating that the weapon was concealed on Appellant's person prior to the shooting. N.T. Trial, 11/19/14, at 142 (emphasis added). Appellant was only 17 years old at the time of the shooting and, therefore, he was ineligible to obtain a license to carry a concealed firearm. **See** 18 Pa.C.S. § 6109(b) ("An individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth."). Accordingly, we would conclude that the evidence was sufficient to support Appellant's firearm offenses. Additionally, we would also deem the evidence sufficient to sustain Appellant's conviction for PIC, as he clearly possessed an instrument of crime with the intent to employ it criminally. **See** 18 Pa.C.S. § 907.

Therefore, even had Appellant's sufficiency of the evidence claim been properly preserved in his Rule 1925(b) statement, we would deem that issue frivolous.

Appellant next challenges the discretionary aspects of his sentence, contending that the trial court erred by applying "an excessive guide line

[*sic*] range" sentence. Pa.R.A.P. 1925(b) Statement, 6/14/15. Attorney McMonagle failed to preserve this sentencing issue in a post-sentence motion or orally at the sentencing proceeding. ***See Commonwealth v. Bromley***, 862 A.2d 598 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citing ***Commonwealth v. Mann***, 820 A.2d 788 (Pa. Super. 2003) (stating that issues challenging the discretionary aspects of sentence must be raised in post-sentence motion or by raising claim during sentencing proceedings; absent such initiative, objection to the discretionary aspects of sentence waived on appeal)). Accordingly, we agree with Attorney Lee that Appellant's sentencing claim is frivolous.

Finally, Appellant argues that his trial counsel, Attorney McMonagle, acted ineffectively in representing him. In ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. ***Holmes***, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in Appellant's case. ***See id.*** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are

"both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Notably, Appellant presented his claim of ineffectiveness for the first time in his Rule 1925(b) statement, and did not specify *how* Attorney McMonagle's representation was deficient. Accordingly, it is frivolous for Appellant to assert his vague and boilerplate claim(s) of counsel's ineffectiveness in this direct appeal.

In sum, we agree with Attorney Lee that Appellant's claims are either waived and/or frivolous. Additionally, our independent review of the record reveals no other non-frivolous claims that Appellant could assert on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant Attorney Lee's petition to withdraw.[5]

Judgment of sentence affirmed. Petition to withdraw granted.

_____

[5] We acknowledge that it is troubling to permit Attorney Lee to withdraw where he is the counsel who waived Appellant's sufficiency claim by filing an inadequate Rule 1925(b) statement. However, as our analysis *infra* reveals, we would have deemed that claim frivolous even if properly preserved. Regarding the waiver of Appellant's weight-of-the-evidence and discretionary aspects of sentencing issues, Appellant may seek relief by filing a timely PCRA petition alleging that Attorney McMonagle acted ineffectively by not preserving these claims for our review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/23/2016</u>